■ Susan Ecker et al., Appellants-Respondents, v Charles S. Dayton et al., Respondents-Appellants, and Averill D. Geus, Respondent. [651 NYS2d 206] —In an action, *inter alia,* for a permanent injunction barring the defendants from operating a farm stand on property located across from the plaintiffs' property and to recover damages for nuisance, (1) the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Prudenti, J.), dated March 10, 1994, as upon enjoining the defendant from selling produce or merchandise not grown on their property dismissed the remainder of the plaintiffs' cause of action which was to enjoin the defendants from operating a farm stand and dismissed the plaintiffs' cause of action to recover damages based on nuisance, and (2) the defendants Charles S. Dayton and Jonathan R. Dayton cross-appeal, from so much of the same judgment as enjoined them from "operating a farm stand * * *

which sells any produce grown elsewhere or sells any products or merchandise not made from their home grown produce". Justice Santucci has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendants Jonathan R. Dayton and Charles S. Dayton (hereinafter the Daytons) cultivate a truck garden in a residential zoning district in the Village of East Hampton (hereinafter the Village). The plaintiffs own the property directly across the road from that of the Daytons. It is clear from the instant record, and indeed it is not disputed, that, consistently since 1987 for the months of May to October, the Daytons have been operating a farm stand on this property, which sells items that are not grown on the subject property. The plaintiffs do not challenge the use of the Dayton property as a truck garden. Instead, the plaintiffs object to the Daytons' operation of the farm stand.

Pursuant to section 57-2 (B) of the Zoning Code of the Village of East Hampton, "[n]urseries, truck gardens and greenhouses" are permitted uses in residential zoning districts. Further, the Zoning Code permits "accessory uses" in such districts (*see,* Zoning Code of Village of East Hampton § 57-2 [B] [7]). An "accessory use" is defined in the Zoning Code as one that is "customarily incidental to and located on the same lot occupied by the main use" (*see,* Zoning Code of Village of East Hampton § 57-1 [A]). The terms "nursery," "truck garden" and "greenhouse" contemplate the sale of products grown on-site (*see,* 83 Am Jur 2d, Zoning and Planning, § 397; 1 Anderson, New York Zoning Law and Practice § 13.19; Annotation, *Permissible activities under zoning laws permitting greenhouses and nurseries,* 40 ALR2d 1459, 1460). Therefore, we agree with the Supreme Court that the Daytons' farm stand is customarily incidental or a usual accessory use of the truck garden. The Daytons may continue selling at the farm stand products grown on the truck garden.

Further, the Supreme Court was correct in limiting sales at the stand only to those products grown on the truck garden. The Village of East Hampton Code emphasizes, as a policy, the importance of protecting neighbors and ensuring that the development of commercial properties does not destroy residential areas (*see,* Village of East Hampton Code § 13-3). To permit the Daytons to engage in the sale of products brought from other farms would constitute commercial activity of a type which would be inconsistent with the spirit of preserving the serenity of residential areas.

Finally, the plaintiffs failed to establish their entitlement to damages based on nuisance (*see, Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564). Consequently, the cause of action based on nuisance was properly dismissed. Miller, J. P., Santucci, Friedmann and Krausman, JJ., concur.